**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFREY VARCHETTO and PAMELA VARCHETTO, | ) ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-664 |
| | ) | |
| NATALIE LUTZ CARDIELLO, Trustee, | ) | (Appeal Related to Bankruptcy Case No. 05-36491) |
| | ) | |
| Appellee. | ) | |
| | ) | |

**MEMORANDUM OPINION**

I.      INTRODUCTION

Pending before the Court is an appeal from an April 6, 2006 Order entered by the Bankruptcy

Court in Bankruptcy Case No. 05-36491.  Jefferey and Pamela Varchetto (hereinafter "Appellants"

or "Varchettos") filed a voluntary chapter 7 petition on October 13, 2005.  Thereafter, the Varchettos

filed a list of exempted property with the Bankruptcy Court, claiming an exemption of Mr.

Varchetto's § 403(b) retirement account from the bankruptcy estate under 11 U.S.C. § 541(c)(2), and

alternatively, an exemption by Mrs. Varchetto under 11 U.S.C. § 522(d)(5) of certain funds in the

§ 403(b) account. The Trustee objected to the inclusion of both exemptions claimed by the

Varchettos, and the Bankruptcy Court granted the Trustees' objections, entering an Order that is now

the subject of this appeal.  On appeal, the Varchettos seek to overturn the Bankruptcy Court's Order

rejecting both exemptions and raise the issue whether the Trustee can obtain early distribution of

assets under the § 403(b) retirement account because of restrictions on the account preventing

1

withdrawal prior to the employee's attainment of age 59 ½.  The appeal was stayed by this Court

pending the resolution of *In Re Laher*, 496 F.3d 279 (3d Cir. 2007), by the Court of Appeals for the

Third Circuit, the outcome of which was believed by the Court and the parties to be controlling.  The

opinion of *In Re Laher,* was thereafter issued by the Court of Appeals.  For the following reasons,

the Order of the Bankruptcy Court is **REVERSED** and the matter is **REMANDED** to the

Bankruptcy Court for further proceedings in accordance with this Opinion.

II.     LEGAL STANDARD

This Court has appellate jurisdiction over final judgments, orders and decrees of the

Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).  The Court reviews the Bankruptcy Court's

findings of fact under a clearly erroneous standard and its conclusions of law under a de novo

standard. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222-23 (3d Cir. 1989); *Manus Corp. V. NRG*

*Energy Inc. (In Re O'Brien Environmental Energy Inc.)*, 188 F.3d 116, 122 (3d Cir. 1999) (rendering

that "[a] bankruptcy court abuses its discretion when its ruling is founded on an error of law or a

misapplication of law to the facts"); *see also Continental Cas. Co. v. H.K. Porter Co. (In re H.K.*

*Porter Co.)*, Civ. Action No. 07-189, 2007 U.S. Dist. LEXIS 84524, at \*12 (W.D. Pa. Nov. 15,

2007); *Lauro v. Shearer (In re Lauro)*, Civ. Action No. 07-670, 2007 U.S. Dist. LEXIS 85637, at

\*8 (W.D. Pa. Nov. 20, 2007).

III.    DISCUSSION

The main issue on appeal is whether Mr. Varchetto's § 403(b) retirement account is included

in the bankruptcy estate and subject to distribution to his and his wife's creditors or if the account

is a trust contemplated by § 541(c)(2) and thereby exempted from the bankruptcy estate, preventing

access to the funds by such creditors.  Appellants contend that a § 403(b) retirement account held

by Mr. Varchetto is exempt from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2) as the

account constitutes a 'plan or trust' within the Supreme Court's holding in *Patterson v. Shumate*, 504

U.S. 753 (1991), and that it was error of law for the Bankruptcy Court to include the account in the

bankruptcy estate.  The Trustee, in accord with the Bankruptcy Court's order, contends that the

account does not constitute a "trust" and as such cannot be exempt under section 541(c)(2).

The starting point for the analysis is the applicable statutory provisions of the Bankruptcy

Code.  Section 541 describes the property that comprises the bankruptcy estate and provides that the

estate, subject to certain exceptions, includes "all legal or equitable interests of the debtor in property

as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The exception at issue here, section

541(c)(2), provides:

> (2) A restriction on the transfer of a beneficial interest of the debtor
> in a ***trust that is enforceable under applicable nonbankruptcy law***
> is enforceable in a case under this title.

11 U.S.C. § 541(c) (emphasis added).  Mr. Varchetto's § 403(b) retirement account must therefore

be a "trust that is enforceable under applicable nonbankruptcy law" to qualify as exempt from the

bankruptcy estate.

The Bankruptcy Court below held that Mr. Varchetto's § 403(b) retirement account was not

exempt from the bankruptcy estate because "[a] section 403(b) account is not excluded from the

bankruptcy estate by § 541(c)(2)." (Docket No. 1-2.)  In reaching that determination, the Bankruptcy

Court relied on *Skiba v. Gould*, 337 B.R. 71 (W.D. Pa. 2005), which held that an explicit trust is

required for a § 403(b) retirement account to be exempt under § 541(c)(2).

The district court in *Skiba* heard an appeal from a bankruptcy court decision which held "that

a pension plan does not have to qualify as a 'trust' to fall within the parameters of § 541(c)(2) and,

3

therefore, the debtors' 403(b) annuity was excluded from the bankruptcy estate." *Skiba*, 337 B.R. at 73. The bankruptcy court had cited the United States Supreme Court's decision in *Patterson* as authority.

In *Patterson*, the Supreme Court discussed § 541(c)(2) and recognized that "[t]he natural reading of the provision entitles a debtor to exclude from property of the estate any interest *in a plan or trust* that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Patterson*, 504 U.S. at 758 (emphasis added). The district court in *Skiba* acknowledged that "several courts have seized upon the phrase 'in a plan or trust' to hold that a broad range of retirement plans other than 'trusts' are excludable from the bankruptcy estate as long as the instrument contains a qualifying transfer restriction provision." *Skiba*, 337 B.R. at 73. The district court in *Skiba* interpreted the Court of Appeals for the Third Circuit's holding in *Orr v. Yuhas (In re Yuhas)*, 104 F.3d 612 (3d Cir. 1997), which set forth a framework to analyze whether section 541(c)(2) applies, as implicitly overruling several district courts' broad interpretation of the *"in a plan or trust"* language of *Patterson* to include retirement accounts other than trusts. *Skiba*, 337 B.R. at 73-74 In rejecting the broader interpretation, the district court restricted the exemption in § 541(c)(2) to explicit trusts. *Skiba*, 337 B.R. at 73-74 ("[i]n light of the holding in *Yuhas* and other recent cases strictly construing the plain language of § 541(c)(2), we conclude that only a debtor's beneficial interest in a *trust* may be excluded from the bankruptcy estate pursuant to that subsection"). The district court then reversed the bankruptcy court's order that a § 403(b) retirement account was excluded from the bankruptcy estate under § 541(c)(2), holding that "we reject the bankruptcy court's conclusion that § 541(c)(2) encompasses pension plans other than trusts." *Skiba*, 337 B.R. at 74.

The Bankruptcy Court here, by relying on *Skiba*, must have concluded that Mr. Varchetto's § 403(b) retirement account did not fit within the exemption of § 541(c)(2) because it was not an *explicit trust*. This Court must now consider in light of *Laher* whether *Skiba* was correct in its analysis and conclusions about the Court of Appeals holding in *Yuhas*.

In *Laher*, the Court of Appeals was presented with a "question of statutory interpretation, namely, the meaning of the term 'trust' in § 541(c)(2) of the Bankruptcy Code. As this term is not defined in the [Bankruptcy] Code, and its meaning is not plainly discernible from the statutory context, we will examine relevant caselaw and statutory changes in interpreting its meaning." *Laher*, 496 F.3d at 286   The Court of Appeals then analyzed two precedential decisions which discuss section 541(c)(2), the Supreme Court's holding in *Patterson*, and the Court of Appeals previous holding in *Yuhas*, and determined that neither case addressed the meaning of "trust" within § 541(c)(2). *Id.*

According to the Court of Appeals, *Patterson* "did not discuss whether the pension plan at issue constituted a 'trust' under the terms of § 541(c)(2), and seems to have expanded the type of legal instruments protected by § 541(c)(2) by referring to 'any interest in a *plan* or trust.'" *Id.* at 287 (quoting *Patterson*, 504 U.S. at 758) (emphasis included). With respect to *Yuhas*, the Court of Appeals held that "while *Yuhas* provides the overall framework for applying § 541(c)(2) it did not address what constituted a trust for purposes of the statute" and further that "we did not decide in *Yuhas* what satisfied § 541(c)(2)'s 'trust' requirement."[1] *Id.* at 288. The Court of Appeals concluded

_____

[1]

Specifically, the Court held that in *Yuhas,* the parties had conceded that the Individual Retirement Account in question constituted a trust within section 541(c)(2). *Laher*, 496 F.3d at 287.

that "neither the Bankruptcy Code nor our applicable federal jurisprudence specifically defines 'trust'

for the purposes of § 541(c)(2)." *Id.*  As the word 'trust' within § 541(c)(2) had been left undefined,

"[i]n light of the inclusion of state law under 'applicable nonbankruptcy law' and the fact that trusts

are creatures of state law," the Court of Appeals applied the state law governing the annuity contract

at issue to determine whether the annuity constituted a trust. *Id*.

As recognized by *Laher*, an explicit trust is not required for a retirement account to qualify

for an exemption under § 541(c)(2); the account must be evaluated under the applicable state law

to determine if it constitutes a trust.  In this Court's estimation, *Skiba's* narrow definition of the word

"trust" as used in § 541(c)(2) has been overruled.  Therefore, if the Bankruptcy Court's finding that

Mr. Varchetto's § 403(b) retirement account is not exempt was based solely on the holding of *Skiba*,

it would not comport with the controlling law.

The proper analysis to determine whether a section 541(c)(2) exemption applies under *Laher*

and *Yuhas*, requires a bankruptcy court to apply the framework set forth in *Laher*,[2] and within such

framework, to determine whether the retirement account in issue is a trust under applicable state law.

---

[2]

> In *Laher*, the Court quoted the analytical framework set forth in *Yuhas*, that:
> the requirements of § 541(c)(2) were: (1) the IRA must constitute a
> 'trust' within the meaning of 11 U.S.C. § 541(c)(2); (2) the funds in
> the IRA must represent the debtor's 'beneficial interest' in that trust;
> (3) the IRA must be qualified under Section 408 of the Internal
> Revenue Code; (4) the provision of N.S.J.A. § 25:2-1 stating that
> property held in a qualifying IRA is 'exempt from property held in a
> qualifying IRA is 'exempt from all claims of creditors; must be a
> 'restriction on the transfer' of the IRA funds; and (5) this restriction
> must be 'enforceable under nonbankruptcy law.'

Laher, 496 F.3d at 287 (quoting *Yuhas*, 104 F.3d at 614).

Neither the parties nor the Bankruptcy Court had the opportunity to consider *Laher* and whether the retirement account at issue would constitute a trust under applicable state law. Fairness dictates that the parties be granted the opportunity to brief and argue the standard now applicable to the instant matter. Accordingly, the April 6, 2006 Order of the Bankruptcy Court will be REVERSED and the case will be REMANDED for the parties to brief fully this issue for the Bankruptcy Court to consider.

Two additional arguments of the Appellants are before the Court; i.e, a claimed exemption by Mrs. Varchetto under 11 U.S.C. § 522(d)(5) of certain funds in her husband's § 403(b) account and whether the Trustee can obtain early distribution of assets under the § 403(b) account. The resolution of these arguments are contingent on the outcome of the Bankruptcy Court's determination whether Mr. Varchetto's § 403(b) retirement account is exempt from the bankruptcy estate, and are explicitly framed in that manner by Appellants. (*See* Docket No. 1-3 at 2.) As the determination whether the retirement account is exempt from the bankruptcy estate has been remanded to the Bankruptcy Court, the Court declines to reach the merits of these arguments, and will likewise remand them for determination by the Bankruptcy Court.

The Court notes that the arguments of counsel in the Supplemental Briefs cannot be resolved by this Court because the record before it is incomplete. The Trustee argued that *Laher* did not overrule the holding of the Bankruptcy Court, and that the facts of *Laher* could be distinguished from the instant matter. (Docket No. 8 at 2.) The Varchettos argued that Mr. Varchetto's § 403(b) account is a TIAA-CREFF retirement annuity contract governed by New York law like the subject account in *Laher* and that the decision in *Laher* conclusively proves that all like accounts are exempt from the bankruptcy estate under § 541(c)(2). (Docket No. 9.)

The Court however declines to rule on the applicable law argument without a fully developed record, as the TIAA-CREFF annuity contract is not currently in the record and neither party has specifically briefed or argued the issue of what law applies.  The resolution of this issue is left to the Bankruptcy Court.  If, the § 403(b) retirement account is a TIAA-CREFF annuity contract governed by New York law like the account in *Laher* then it will be exempt from the bankruptcy estate.  If not, then the Bankruptcy Court shall apply the analysis set forth in *Yuhas* and then determine whether Mr. Varchetto's § 403(b) retirement account is a trust under the applicable state law.

IV.    CONCLUSION

The Order of April 6, 2006 was issued by the Bankruptcy Court without the benefit of the Court of Appeals for the Third Circuit's opinion in *Laher*.  The Bankruptcy Court's Order upheld the Trustee's objections to the Varchettos' claimed exemption of the 403(b) retirement plan, relying on *Skiba*.  This Court finds that the rationale in *Skiba* relied upon by the Bankruptcy Court in its Order, that *Yuhas* requires an explicit trust to qualify for an exemption under 541(c)(2), has been expressly overruled by the Third Circuit in *Laher*.  For the reasons discussed previously,  the Order of April 6, 2006 by the Bankruptcy Court is hereby **REVERSED** and this matter is **REMANDED** for further proceedings in accordance with this Opinion.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 27, 2008

cc:    All counsel of record
       Honorable Bernard Markovitz
       United States Bankruptcy Judge